Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Erin Rathswohl (State Bar No. 323218)
  *Erin.Rathswohl@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
4001 Eleventh Street
Riverside, California 92501
Telephone: (951) 509-1355
Facsimile: (951) 509-1356

Attorneys for Defendant
COUNTY OF SAN BERNARDINO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN B.O. DOE, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SAN BERNARDINO, a public entity; and DOES 1-100, individuals,<br><br>　　　　Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1331**<br><br><br>Superior Court Action Filed: 12/05/2025 |

TO ALL PARTIES AND TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Pursuant to the provisions of 28 U.S.C. § 1331, Defendant COUNTY OF SAN BERNARDINO ("Defendant"), herein removes the case of JOHN B.O. DOE v. County of San Bernardino, Case No. CIVSB2535568, from the Superior Court of the State of California, County of San Bernardino, to this Honorable Court. The grounds for this removal are as follows:

Plaintiff John B.O. Doe has sued Defendant County of San Bernardino. The Complaint was received by the County on January 27, 2026. This was the first pleading in this matter. A true and correct copy of the Complaint is attached hereto

1

as Exhibit "1." A true and correct copy of the state court docket is attached hereto as Exhibit "2."

In the Complaint, Plaintiff asserts a *Monell* violation under *42* U.S.C. Section 1983 against the Defendant. In this claim, Plaintiff alleges he was a minor male in the custody of the Defendant and confined at a juvenile detention facility operated and overseen by Defendant. Plaintiff alleges he was deprived of constitutional rights based on Defendant's policies, customs, and practices that exhibited deliberate indifference to the rights of children in custody, including: (a) failing to train, supervise, and discipline staff regarding prevention, detection, and reporting of sexual abuse; (b) permitting staff to isolate minors in staff-only areas without adequate supervision; (c) failing to investigate and address red flags and prior complaints of sexual misconduct; and (d) maintaining a culture of intimidation and retaliation that deterred reporting by youth. Plaintiff alleges that the foregoing policies, customs, and practices were the moving force behind the violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983.

Specifically plaintiff alleges in or around 2001, Plaintiff was approximately sixteen (16) years old, and he was housed at the juvenile detention facility and under the custody of the Defendant. Plaintiff alleges he was under the direct supervision and control of Defendant's employees acting under color of law. Plaintiff alleges while in confinement, on at least one occasion, a staff member sexually abused Plaintiff by isolating him and groping his genitals. Plaintiff alleges on multiple occasions during his confinement that a guard on his unit directed Plaintiff to strip naked and then ordered Plaintiff to touch his own genitals and the guard proceeded to fondle Plaintiff's genitals for the guard's sexual gratification. Plaintiff alleges the supervising officer used their authority, control over daily assignments, and isolation within the unit to coerce Plaintiff into sexual contact.

Plaintiff alleges that prior to and during the abuse, the Defendant knew or should have known that this staff member posed a risk of sexual misconduct to

2

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1331

youth in custody based on previously exhibited red flag behaviors. Plaintiff alleges that despite this, the Defendant failed to take reasonable steps to investigate, monitor, supervise, or restrict the staff members interactions with youth. Plaintiff alleges no safeguards were in place to prevent this staff member from isolating minors or abusing their position of authority. Plaintiff alleges that Defendant failed to supervise staff, enforce protective policies, and respond to early warning signs which reflects a broader custom, policy, and practice of deliberate indifference to the safety and dignity of children in its juvenile detention facilities.

Any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the Defendant or the Defendants, to the District Court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. This Court has original jurisdiction over actions brought pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1331. The Court has jurisdiction over a 42 U.S.C. § 1983 claim.

A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action. 28 U.S. Code §1446(a). Defendant has done this.

28 U.S. Code §1446(b)(2)(a) states that when a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. Based on information and belief, Defendant is the only named defendant in this matter, and as such, is the only party required to consent to the removal of this action.

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1331

A notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b)(1). The notice is timely.

This Court has original jurisdiction of this matter by virtue of Plaintiff's 42 U.S.C. 1983 claim. Defendant has complied with the statutory requirements for removal of this action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California.

DATED:  February 26, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: _____

Eugene P. Ramirez
Erin Rathswohl
Attorneys for Defendant
COUNTY OF SAN BERNARDINO

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1331